IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:13-CV-243-D

COURTNEY T. BRISSETT, )
and LADWIN BRISSETT, )
 )
        Plaintiffs, )
 )
    v. ) **ORDER**
 )
WELLS FARGO BANK, N.A., et al., )
 )
        Defendants. )

On January 7, 2014, Courtney T. Brissett and Ladwin Brissett ("Brissett" or "plaintiffs") filed a rambling and, at times, incoherent pro se complaint about loans made in 2006 concerning real estate transactions in Craven County, North Carolina. See Compl. [D.E. 6]. In the complaint, plaintiffs have sued defendants Wells Fargo Bank, N.A. ("Wells Fargo"), Patricia R. Callahan ("Callahan"), Chicago Title Insurance Company ("Chicago Title"), Carolina East Realty, LLC, and Tripp Blandford ("Blandford") (collectively "defendants"). Id. Plaintiffs seek $5,000,000 in damages and ask the court to declare a 2008 quit claim deed void. Compl. 9.[1] On April 4, 2014,

---

[1] In June 2007, plaintiffs filed an action in Craven County Superior Court concerning the same properties, loans, and subsequent foreclosure proceedings. Plaintiffs did not prevail in that action. See Brissett v. First Mount Vernon Indus. Loan Ass'n, 756 S.E.2d 798, 803–09 (N.C. Ct. App. 2014). Plaintiffs also have filed other unsuccessful lawsuits in this court concerning the same properties, loans, and foreclosure proceedings. Brissett v. Craven County, No. 4:14-CV-179-D, [D.E. 4] (E.D.N.C. Sept. 26, 2014) (unpublished) (order granting permission to proceed in forma pauperis, but dismissing complaint for failure to state a claim); Brissett v. Shoaf Law Firm, P.A., No. 5:12-CV-781-FL, [D.E. 32] (E.D.N.C. Dec. 19, 2013) (unpublished) (order granting defendants' motion to dismiss); Brissett v. Freemont Inv. & Loan Corp., No. 4:08-CV-77-F, 2010 WL 3003361 (E.D.N.C. July 29, 2010) (unpublished) (order granting defendants' motion to dismiss); Brissett v. Freemont Investment & Loan Corp., No. 4:07-CV-108-FL, [D.E. 14] (E.D.N.C. Jan. 9, 2008) (unpublished) (order granting defendant's motion to dismiss). In addition, plaintiffs have one other action concerning this matter pending in this court. See Brissett v. Green Tree Servicing, Inc., No. 5:14-CV-336-BO (E.D.N.C.).

Wells Fargo and Callahan filed a motion to dismiss for failure to state a claim [D.E. 24]. On April 22, 2014, Chicago Title filed a motion to dismiss for failure to state a claim [D.E. 27]. On May 20, 2014, Carolina East and Tripp Blandford filed a motion to dismiss for failure to state a claim [D.E. 34]. Plaintiffs responded in opposition [D.E. 39, 43, 44].

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 562–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions drawn from the facts. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79.

The legal sufficiency of a complaint depends, in part, on whether it meets the standards for a pleading stated in Federal Rules of Civil Procedure 8 and 9. See Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009). Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(a)(2) aims to assure that the defendant has adequate notice of the nature of the claims against it. See, e.g., Francis, 588 F.3d at 192. Under Rule 9(b), a party who alleges fraud must go a step further: the party "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Specifically, the party must allege "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." Harrison

2

v. Westinghouse Savannah River Co., 176 F.3d 776, 784 (4th Cir. 1999) (quotation omitted); see McCauley v. Home Loan Inv. Bank, F.S.B., 710 F.3d 551, 559–60 (4th Cir. 2013); United States ex rel. Nathan v. Takeda Pharms. N. Am., Inc., 707 F.3d 451, 455–61 (4th Cir. 2013); Adkins v. Crown Auto, Inc., 488 F.3d 225, 231–32 (4th Cir. 2007); Dunn v. Borta, 369 F.3d 421, 426–34 (4th Cir. 2004); United States ex rel. Harrison v. Westinghouse Savannah River Co., 352 F.3d 908, 921–22 (4th Cir. 2003).

As for a complaint's factual sufficiency, a party must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "[N]aked assertions of wrongdoing," devoid of "factual enhancement," cannot "cross the line between possibility and plausibility of entitlement to relief." Francis, 588 F.3d at 193 (quotations omitted). A plaintiff armed with nothing more than "labels and conclusions," or "a formulaic recitation of the elements of a cause of action," cannot proceed into the litigation process. Twombly, 550 U.S. at 555 & n.3; see Francis, 588 F.3d at 193.

Although a court must liberally construe a pro se plaintiff's allegations, it "cannot ignore a clear failure to allege facts" that set forth a cognizable claim. Johnson v. BAC Home Loans Servicing, LP, 867 F. Supp. 2d 766, 776 (E.D.N.C. 2011); see Giarratano, 521 F.3d at 304 n.5. "The special judicial solicitude with which a district court should view . . . pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed." Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990) (quotation omitted). Every party—pro se or otherwise—must comply with the Federal Rules of Civil Procedure. See Iqbal, 556 U.S. at 678; Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 152 (1984) (per curiam).

As for the motion to dismiss of Wells Fargo and Callahan, they ask the court to dismiss the complaint and the crossclaim of Carolina East Realty and Blandford. See Fed. R. Civ. P. 12(b)(6). The complaint fails to plausibly allege constructive fraud, a violation of the North Carolina Unfair and Deceptive Trade Practices Act, or any other claim against Wells Fargo or Callahan. See [D.E. 25] 8–12. Alternatively, the three-year statute of limitations and the doctrine of collateral estoppel bar plaintiffs' claims against these defendants. See id. 12–13, 19–21. In light of this conclusion, the cross claim is moot, and the court need not address these defendants' arguments concerning service of process. Accordingly, the court grants the motion to dismiss of Wells Fargo and Callahan.

As for the motion to dismiss of Chicago Title, plaintiffs' complaint fails to plausibly allege a fiduciary duty, constructive fraud, or a violation of the North Carolina Unfair and Deceptive Trade Practices Act. See [D.E. 28] 8–13. Alternatively, the three-year statute of limitations and the doctrine of collateral estoppel bar plaintiffs' claims. Id. 13–15. Accordingly, the court grants Chicago Title's motion to dismiss.

As for the motion to dismiss of Carolina East Realty, LLC and Blandford, plaintiffs' complaint fails to plausibly allege a fiduciary duty, constructive fraud, or a violation of the North Carolina Unfair and Deceptive Trade Practices Act. See [D.E. 35] 7–19. In light of this conclusion, the court need not address these defendants' arguments concerning service of process or personal jurisdiction. Accordingly, the court grants the motion to dismiss of Carolina East Realty, LLC and Blandford.

In sum, the court GRANTS the defendants' motions to dismiss [D.E. 24, 27, 34].

SO ORDERED. This 26 day of September 2014.

JAMES C. DEVER III
Chief United States District Judge